ZINTER, Justice
(concurring).
[¶ 60.] I concur. I write to note my view of Dr. Simpkins’s testimony repeating the victim’s statement that the defendant (“Stoney”) was the perpetrator. See supra ¶¶ 32-34. In my view, contrary to the Court, the testimony was an inadmissible prior consistent statement that did bolster the victim’s account of the incident. Nevertheless, I concur because it was a harmless reiteration of the identical information taken from Exhibit 21 (the rape kit).
[¶ 61.] I also write to note that, contrary to the Court’s view (see supra ¶ 34), SDCL 19-15-5.2 and SDCL 19-15-6 (Rule 705(b) and (c)) are not intended to permit the admission of expert testimony. Those statutes are part of the Uniform Composite Reports as Evidence Act. SDCL 19-15-8 (Rule 705(e)); Hilde v. Flood, 81 S.D. 25, 33, 130 N.W.2d 100, 104 (1964). Therefore, these statutes are only intended to permit the admission of a “written report or findings of fact prepared by an expert.” SDCL 19-15-5.2 (Rule 705(b)). They are not authority to justify admission of Simp-kins’s testimony. Again, however, I concur because Dr. Simpkins’s testimony merely reiterated what was in the report, which was admitted into evidence.